Filed 12/20/13  P. v. Renteria CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B243266 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA120577) |
| v. | |
| JESUS G. RENTERIA, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Laura R. Walton, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

The sole question on appeal is whether the trial court abused its discretion in denying probation to defendant and appellant Jesus G. Renteria. Defendant argues the court erred in failing to consider a grant of probation in the interests of justice. We conclude defendant has failed to establish reversible error in the court's sentencing choices, and therefore affirm.

In October 2011, defendant and his wife brought their nine-month-old son to the emergency room with a swelling on the side of his head. A CT scan was performed and it was determined the infant had suffered a skull fracture and a subdural hematoma. The parents denied knowing what caused the swelling. A hospital social worker and law enforcement were called. During an interview with the investigating deputy sheriff, defendant gave several different explanations for how his son might have been injured, and then admitted he hit his son with a toy microphone containing two C batteries. Defendant said he was tired, the baby would not stop crying and he hit him "pretty hard" once with the microphone.

Defendant was charged with one count of felony child abuse (Pen. Code, § 273a, subd. (a)).[1] It was also specially alleged defendant personally inflicted great bodily injury on a child under the age of five (§ 12022.7, subd. (d)), and personally used a dangerous weapon in the commission of the offense, the microphone (§ 12022, subd. (b)(1)). Following trial by jury, defendant was convicted of the child abuse count and the special allegations were found true.

The sentencing hearing was held on August 14, 2012. At the outset of the hearing, the prosecutor explained she had not filed a written sentencing memorandum, but stated the case is "a mandatory state prison case based on the charges and allegations" with a potential maximum sentence of 13 years.

The court then allowed defendant to present numerous witnesses attesting to his general character and his lack of any criminal record or history of violence. The

---

[1] All further undesignated section references are to the Penal Code.

2

witnesses included, among others, defendant's employer who spoke of defendant's good work ethic and reliability as an employee; his siblings, who spoke of their admiration for defendant who helped raised them; his stepdaughter, who said defendant had never hurt her and she does not believe he ever would; and his wife, who attested to how much defendant is needed to help with the family and that he is a good man who does not argue or get angry easily.

At the conclusion of the witness statements, defense counsel reiterated that defendant had no prior record. Defense counsel stated his "recommendation" to the court was for a grant of formal probation for five years, 52 weeks of parenting classes and any other condition of probation deemed appropriate by the court.

The court then heard additional argument from the prosecutor. She emphasized the victim was just nine months old, vulnerable, and suffered a grievous injury at the hands of his father. The prosecutor reiterated defendant was "not eligible for probation" and that the "law require[d] the Court to sentence him to state prison." The prosecutor argued for imposition of the midterm on both the substantive offense and the great bodily injury enhancement.

When the court asked if there was anything further, both the prosecutor and defense counsel said no. Defense counsel did not object to the prosecutor's assertions the court was required to sentence defendant to prison or that defendant was ineligible for probation. Nor does the record reflect any objection by the defense to the probation report which also stated defendant was ineligible for probation.

In sentencing defendant, the court stated, in part, as follows: "The district attorney is correct in this case. The defendant having been convicted of the charge of child abuse with the additional allegations of causing great bodily injury on a child under five years old and including the weapons allegation is ineligible for probation by law. [¶] I could not give him probation if I wanted to because he is ineligible by law." There is no objection in the record by defense counsel to the court's statement that defendant was ineligible for probation.

3

The court acknowledged defendant's lack of any criminal record and the numerous character witnesses who spoke favorably of him as mitigating factors. But, the court went on to emphasize that the victim was a vulnerable infant and, while the baby had apparently recovered without suffering any permanent damage, he had nonetheless suffered a "horrific" injury. On balance, the court determined those factors to be significant and imposed the midterm of four years on the child abuse count. (§ 273a.) The court, in its discretion, did not find the mitigating factors sufficient to warrant imposition of the low term. As for the great bodily injury on a child enhancement (§ 12022.7, subd. (d)), the court imposed the low term of four years, plus an additional one-year term for the personal use of a dangerous weapon enhancement (§ 12022, subd. (b)(1)). Defendant was sentenced to an aggregate state prison term of nine years.

On appeal, defendant argues the prosecutor incorrectly asserted defendant was ineligible for probation when defendant was in fact only presumptively ineligible. Defendant contends, by law, the court had the discretion to consider a grant of probation if it found "unusual circumstances" and that the interests of justice warranted such disposition.

Defendant is correct that one who is convicted of child abuse under section 273a may be granted probation in the court's discretion, but if probation is chosen as the disposition, the statute mandates certain minimum conditions. (§ 273a, subd. (c).) And, although the great bodily injury enhancement was found true, this case was governed by section 1203, and *not* 1203.075 which bars probation where great bodily injury is imposed in connection with certain enumerated felonies (a violation of section 273a not being one of them).

Section 1203, subdivision (e) makes defendants who are found to have inflicted great bodily injury *presumptively* ineligible for probation, but provides the sentencing court with the discretion to grant probation in unusual cases in the interests of justice. (*Ibid.* ["Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] . . . Any person who willfully inflicted great bodily injury or torture

4

in the perpetration of the crime of which he or she has been convicted."]; see also Cal. Rules of Court, rules 4.413 and 4.414.)

Respondent argues defendant forfeited the argument by failing to argue for probation, or make an express objection to the assertion that defendant was ineligible for probation. Defense counsel was obligated to advocate for the permissible sentencing options, and to clarify that the court had the discretion to consider a grant of probation if it found "unusual circumstances" warranted probation. (*People v. Scott* (1994) 9 Cal.4th 331, 353 [while "the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing"].) However, it matters not whether defendant forfeited the claim for appeal, because the record plainly shows no reversible error.

The court was presented with extensive testimony regarding defendant's lack of a criminal record, his work history, and the other evidence of mitigating factors. This is the same evidence upon which defendant argues the court could have found "unusual circumstances" and a proper basis for granting probation in the interests of justice pursuant to section 1203, subdivision (e)(3). However, despite having heard that evidence, the court was not persuaded there were sufficient mitigating factors even to warrant the low term prison sentence. Instead, the court selected the midterm, emphasizing its grave concerns about the seriousness of the injuries sustained by a nine-month-old baby. It is utterly unreasonable to assume the trial court might have found that same evidence sufficient to show "unusual circumstances" warranted probation.

## DISPOSITION

The judgment is affirmed.


GRIMES, J.

We concur:


RUBIN, Acting P. J.                    FLIER, J.